## SMITH PERRY ELECTRIC CO. v. BEAVERS et al.

No. 18316. Opinion Filed July 17, 1928.

(Syllabus.)

Judgment—Offer to Confess Judgment Indorsed on Acknowledgment of Service of Summons not "Judgment by Confession" Where Court Hears Evidence in Open Court.

In a suit against a school district, each member of the school board having signed the following acknowledgment of service of summons, and having indorsed on the back thereof:

"We, as directors and officers of Rexroat school district No. 73, Carter county, Okla., hereby accept service of summons and enter our appearance and that of school district 73 in above and foregoing cause, this 6th day of Nov. 1924. By order of the board we hereby offer to confess judgment in said cause in the sum of $740.69."

—and the journal entry of judgment reciting "the court, having heard all the evidence and oral testimony offered in open court, finds that all the averments of plaintiff's petition are true," and judgment is rendered on such finding in favor of plaintiff, held, such judgment is not a judgment by confession, and is not void upon its face for failure to comply with sections 673 to 676, inclusive, C. O. S. 1921.

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; John B. Ogden, Judge.

Action by Smith Perry Electric Company against R. F. Beavers et al. for writ of mandamus. Judgment for defendants, and plaintiff appeals. Reversed and remanded with directions.

Sigler & Jackson, for plaintiff in error.

Ahern & Fitzpatrick, for defendants in error.

HERR, C. This is an action in mandamus brought by plaintiff against defendants as members of school board of school district 73, Carter county. Judgment was rendered in favor of defendants. Plaintiff appeals.

It appears that on the 28th day of November, 1924, Phillips & Stansell recovered judgment against the school district in the sum of $740.69. This judgment was subsequently assigned to the plaintiff herein.

It also appears that levies were made to take care of two-thirds of this judgment, but, notwithstanding such levies, defendants refused to issue a warrant in payment thereof.

Defendants contend that the judgment is void upon its face; that the same is a judgment by confession and taken in violation of sections 673 to 676, inclusive, C. O. S. 1921. The judgment, however, is not a judgment by confession.

It appears that summons was issued against the district, in the original action, and presented to defendants by Mr. Phillips, one of the plaintiffs in the action. The following acknowledgment of service of summons, indorsed on the back thereof, appears to have been signed by each member of the school board:

"We, as directors and officers of Rexroat school district No. 73, Carter county, Okla., hereby accept service of summons and enter our appearance, and that of school district 73 in above and foregoing cause, this 6th day of November, 1924. By order of the board we hereby order to confess judgment in said cause in the sum of $740.69."

It is contended that the last paragraph of this indorsement is an attempt to confess judgment, and such confession, not being in conformity with the statute, is void.

The judgment, however, after reciting that the defendants waived service of summons and entered their appearance, concludes as follows:

"And the court having heard all the evidence and the oral testimony of witnesses sworn and examined in open court, and being fully advised in all the premises and on consideration thereof, finds, that all the averments of plaintiff's petition are true as therein set forth; that the plaintiff in accordance with a contract duly entered into by and between plaintiff and defendant sold and delivered to defendant goods, wares and merchandise and performed labor as described in said petition. That said contract for the purchase of said property and the performance of said labor was within the

legal estimate of the year 1923, and the prices charged for the same were reasonable.

"It is therefore ordered, decreed and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of $740.69, with 6 per cent. interest thereon from this date, together with the costs of this action."

The judgment upon its face discloses that it was based upon the oral testimony of witnesses sworn and examined in open court and not upon confession. The indorsement upon the back of the summons complained of is merely surplusage. We are of the opinion that the court erred in holding the judgment void.

Judgment should be reversed, and the cause remanded, with directions to the trial court to grant the writ as prayed for.

TEEHEE, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 34 C. J. p. 101, §273.